UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT NESTMAN,

                      Petitioner,

    v.                                            9:21-CV-0234
                                                (TJM)
DONITA McINTOSH,

                      Respondent.
_____

APPEARANCES:                                   OF COUNSEL:

ROBERT NESTMAN
95-A-2547
Petitioner, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

THOMAS J. McAVOY
United States Senior District Judge

## DECISION and ORDER

## I. INTRODUCTION

Petitioner Robert Nestman seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Upon further review of petitioner's prior habeas action, and for the reasons discussed below, this petition must be transferred to the Second Circuit as a successive petition.[1]

___

[1] Even if the petition was not transferred, it still appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).
    In this case, petitioner's conviction was affirmed by the Court of Appeals on August 22, 1997. Pet. at 2; *People v. Nestman*, 90 N.Y.2d 908 (1997). Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on November 20, 1997, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had

## II.     PREVIOUS HABEAS PETITION

Petitioner previously filed a habeas petition in the Northern District of New York in 1998. *Nestman v. Greiner*, No. 06:98-CV-1786 ("*Nestman I*"). Petitioner challenged a 1995 judgment of conviction in Ulster County, upon his guilty plea, of second degree murder. *Nestman I*, Dkt. No. 1, Petition at 1.[2] On May 15, 1997, the New York State Supreme Court, Appellate Division, Third Department, affirmed his judgment of conviction, and, on August 22, 1997, the New York Court of Appeals denied leave to appeal. *Id.* at 2; *accord People v. Nestman*, 239 A.D.2d 701 (3rd Dep't 1997), *lv. denied*, 90 N.Y.2d 908 (1997).

Petitioner argued that he was entitled to habeas relief because (1) the trial court erred in accepting his plea without any allocution regarding petitioner's intent; and (2) petitioner's trial counsel was constitutionally ineffective. *Nestman I*, Petition at 6. The respondent

---

one year from that date, or until November 20, 1998, to file a timely federal habeas petition. The present petition, signed on February 25, 2021, is over 22 years too late.

While the statute of limitations will be statutorily tolled while petitioner's properly filed collateral attacks were pending, his habeas petition is still untimely. Petitioner's first motion to vacate his judgment was filed on February 28, 1996, and denied by the Ulster County Court on April 11, 1996. *Nestman v. Greiner*, No. 06:98-CV-1786 (LEK/RWS) ("*Nestman I*"), Dkt. No. 14, Report and Recommendation ("R&R"), at 2. Petitioner's second motion to vacate was filed on January 8, 1998, and denied by Ulster County Court on March 5, 1998. *Id.* Accordingly, petitioner's first motion to vacate would not toll the limitations period because it was decided before petitioner's conviction was final. Petitioner's second 440 motion was filed after 49 days of the limitations period had passed. Therefore, petitioner had 316 days to timely file his habeas petition after the 440 motion was decided, or until January 17, 1999.

Petitioner then timely filed his first habeas petition on September 30, 1998. *Nestman I*, Dkt. No. 1, Petition, at 8. However, the time which the habeas petition was pending, from November 1998 to October of 2000, did not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Further, petitioner's writ for error coram nobis was filed on September 23, 2020. Pet. at 3. This petition has no bearing on the present analysis because an application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling."). On this record, there appears to be no other basis for statutory or equitable tolling.

Accordingly, even with the benefit of statutory tolling, the present petition was filed 22 years too late.

[2] Citations to petitioner's fillings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

opposed the petition. *Nestman I*, Dkt. No. 9, Response; Dkt. No. 10, Memorandum of Law in Opposition. Petitioner filed a reply. Dkt. No. 12, Traverse.

On April 26, 2000, this Court issued a Report and Recommendation. *Nestman I*, Dkt. No. 14, Report and Recommendation ("R&R"). Specifically, the Magistrate Judge recommended denying the petition because both claims were procedurally defaulted. *Id.* at 3-6. Petitioner filed objections to the R&R. *Nestman I*, Dkt. No. 15. The District Judge approved and adopted the R&R in its entirety. *Nestman I*, Dkt. No. 16, Order Adopting the R&R; Dkt. No. 17, Judgment.

Petitioner appealed the decision. *Nestman I*, Dkt. No. 18, Notice of Appeal. The Second Circuit denied said appeal. *Nestman I*, Dkt. No. 22, Mandate.

On November 5, 2010, the Court received a letter motion from petitioner seeking to reopen his habeas action. *Nestman I*, Dkt. No. 23. This Court denied petitioner's motion, explaining that if petitioner wished to file a second habeas petition, he must seek permission from the Second Circuit to do so. *Nestman I*, Dkt. Entry dated 11/8/10.

## III.   THE PRESENT PETITION

Petitioner again challenges a 1995 judgment of conviction in Ulster County, pursuant to a guilty plea, of second degree murder. Pet. at 1. Petitioner again indicated that, on direct appeal, he challenged whether the trial court erred in accepting his guilty plea given the allocution and that the Third Department affirmed his conviction. *Id.* at 2. Petitioner also acknowledged that he previously filed a habeas petition in this Court in 1998. *Id.*

However, petitioner explains that "this petition is not contended to the original conviction, it is based upon a petition for [a] writ of error coram nobis and application for [a]

3

certificate granting leave to appeal." Pet. at 2. Petitioner filed his petition for a writ of error coram nobis on September 23, 2020. *Id.* at 3. Liberally construing the claims, petitioner argued he was entitled to relief because his appellate counsel's performance was constitutionally ineffective. *Id.* The petition was denied and petitioner applied for leave to appeal on November 24, 2020. *Id.* The Court of Appeals denied petitioner's application "without reasons and/or opinions." *Id.*

Several pages of the petition are missing; however, liberally construing the content therein, it appears petitioner argues that he is entitled to federal habeas corpus relief because his appellate counsel was constitutionally ineffective. Pet. at 5-6.

## IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. Specifically, "[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]" 28 U.S.C. § 2244(a). Accordingly, a petition is second or successive when it attacks the same judgment that was previously attacked, *see Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003), and dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), in a prior petition. *See also Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *See Burton v. Stewart*,

4

549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, petitioner indicates that he filed a prior habeas petition. *See* Pet. at 2. As previously discussed, *Nestman I* also challenged petitioner's 1995 conviction from Ulster County for second degree murder. *See Nestman I*. Thus, petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition. Further, *Nestman I* was decided on the merits. *See Carter v. United States*, 150 F.3d 202, 205-206 (2d Cir. 1998) (holding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . 'second or successive' for purposes of the AEDPA.").

The current petition presents a new challenge to petitioner's 1995 judgment of conviction. It is therefore a second or successive petition advancing claims that were not previously presented. Accordingly, such applications

> shall be dismissed unless . . .
>
>> (B)(i)  the factual predicate for the claim could not have been discovered

5

> previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B).

Here, petitioner asserts that his petition is based on claims which were denied in his writ of error coram nobis. Pet. at 2. Specifically, petitioner contends that he argued that

> [a]ppellate counsel's performance was unreasonable on the first appeal . . . as appellate counsel failed to probe the record and discover that . . . petitioner never waived his Constitutional Fifth Amendment right during the plea colloquy and that there was no affirmative showing on the record that the . . . petitioner waived his privilege against self-incrimination, and that [the] County Court judge never advise[d] and informed . . . petitioner of his Constitutional Fifth Amendment right during the plea colloquy.

*Id.* at 3. Petitioner may be able to fulfill the requirements of the exception in § 2244(b)(2)(B) to the bar against second or successive petitions. However, before this Court may consider the instant petition, petitioner must request and obtain an order from the Second Circuit authorizing the filing of such a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52.

**V.    CONCLUSION**

**WHEREFORE**, it is

6

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: March 3, 2021

*[signature]*

Thomas J. McAvoy
Senior, U.S. District Judge